UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-CR-44-PPS-JPK |
| ) | |
| BRION HARRIS, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

This matter is before me on Brion Harris's pro se motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [DE 42]. Harris is a 37-year-old male incarcerated at the Federal Correctional Institution in Milan, Michigan and is scheduled to be released on May 8, 2023. [DE 46 at 4.] Harris claims that his BMI (almost 32) and family history of underlying conditions (his wife has severe asthma and father is diabetic) put him at higher risk of severe illness from COVID-19. [DE 42 at 2, 6.] For the following reasons, the motion for compassionate release is denied.

## **Background**

On January 2, 2019, police stopped Harris in Gary, Indiana and asked him to step out of the vehicle. Harris volunteered that he was in possession of guns and police recovered two guns at the scene. At that time, Harris had previously been convicted of possessing a sawed-off shotgun. He was charged with being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). On September 11, 2019, Harris pleaded guilty to

possessing a firearm as a felon. [DE 15.]  Harris's final offense level was 23 and he had a criminal history category of V, which provides a guideline range of 84 to 105 months. [DE 32.]  On January 23, 2020, I sentenced Harris to a below guidelines sentence of 54 months imprisonment, followed by one year of supervised release. [DE 35.]  Harris is currently serving his sentence at FCI Milan with a projected release date of May 8, 2023. [DE 46 at 4.]

In support of his motion, Harris argues the COVID-19 pandemic is an extraordinary and compelling reason to consider a reduction in his sentence, that FCI Milan "does not have ample medical staff nor rooms available to handle the crisis," does not conduct "widespread testing," and that the warden "hasn't been reporting all the cases that have arisen since the pandemic." [DE 42 at 3.]  He includes his weight (he is 5' 10" and weighs 220 pounds) and family history (his wife has severe asthma and father is diabetic) as factors that put him at risk. *Id.* at 6. (How his wife's asthma is pertinent to *his* family medical history is not clear). Harris did not provide any of his own medical records. Harris initially filed for compassionate release on June 26, 2020, five months after his sentence, but was denied for failure to exhaust his administrative remedies. [DE 39, 40.] Since then, he has exhausted his administrative remedies by requesting compassionate release with the Bureau of Prisons (BOP), which was denied August 5, 2020. [DE 42 at 8.]

**Discussion**

Harris requests compassionate release under the First Step Act and he bears the burden of showing that he is entitled to it. *See United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 U.S. Dist. LEXIS 17139, at *1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020). "A district court may grant an inmate's request for compassionate release if it finds that extraordinary and compelling reasons warrant such a reduction after considering applicable factors listed in § 3553(a)." *United States v. Levine*, 2021 U.S. App. LEXIS 1627, at *4-5, 2021 WL 218327, at *2 (7th Cir. 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A))).

Harris has fully exhausted his administrative remedies and so the matter is now properly before me. *See* 18 U.S.C. § 3582(c)(1)(A). The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Although the statute also requires that a reduction be "consistent with applicable policy statements issued by the Sentencing Commission," the Seventh Circuit has held that, presently, there is no "'applicable' policy statement covering prisoner initiated applications for compassionate release." *Gunn*, 980 F.3d at 1181. This is because the Sentencing Commission has not yet amended the Guidelines to reflect the change in the statute. *Id.* In any event, the factors listed in section 3553(a) do not warrant a release in this case nor are there extraordinary and compelling reasons to grant a release.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.  18 U.S.C. § 3553(a).  The government argues that the section 3553(a) factors weigh against reduction in sentence in Harris's case, and I agree.

At the time of sentencing, I considered both favorable and unfavorable factors including his age, physical condition, and lengthy criminal history. While I favorably considered Harris's voluntary admission at the time of his arrest, the fact that he was carrying two loaded guns as a felon gives me cause for concern. Harris pleaded guilty to possessing a firearm as a felon and I sentenced him to 54 months in prison, which was well below the Guideline sentence of 84 to 105 months. Any further reduction in his sentence would not be justified given the serious and dangerous nature of Harris's offense and his lengthy criminal history. Under Section 3553(a), these facts strongly favor denying compassionate release.  In sum, I find the Section 3553(a) factors of punishment, deterrence, protecting the public and respect for the law do not warrant release in this case.  *See, e.g., United States v. Marquis Medellin*, 2020 U.S. Dist. LEXIS 126685, 2020 WL 4048139, 2:15-cr-72-PPS (N.D. Ind. July 20, 2020) (denying request for compassionate release based in part on the severity of the offense); *see also United States v. Musgraves*, 2021 U.S. App. LEXIS 7285, at *6, 2021 WL 945092, at *2 (7th Cir. 2021).

("under § 3553(a)(2)(C), a sentence must protect the public from the defendant's further crimes.").

In turning to whether there are "extraordinary and compelling reasons [that] warrant such a reduction" I can certainly look for guidance from the policy statement set forth in the United States Sentencing Guidelines (USSG) § 1B1.13, even if it is out of date. That provision offers specific examples of what constitutes an extraordinary and compelling circumstance, which include that the defendant is suffering from a terminal illness; the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility; or other reasons as determined by the Director of the BOP. USSG § 1B1.13 cmt. n. 1.

Harris is 37 years old, 5'10" and weighs 220 pounds, which puts him at a BMI of 31.6. [DE 42 at 1.] Harris does not provide any medical records or detail the severity of a specific condition. Harris's weight by itself does not constitute an extraordinary or compelling reason to reduce his sentence. *See, e.g., United States v. Carpenter*, No. 2:14-cr-309-GEB, 2019 WL 7631396, at *2 (E.D. Cal. Dec. 23, 2019) (denying compassionate release where the records "evince that [the prisoner's] medical conditions are not life-threatening and should not limit her self-care ability."); *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D. N.M. 2019) (quotation omitted) ("In exercising discretion under § 3553(a) and the First Step Act, most courts treat compassionate release due to medical conditions as . . . a rare event."); *United States v. Dusenbery*, No. 5:91-cr-291, 2019

WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (denying compassionate release to defendant suffering from multiple conditions, including potential kidney failure, because they did not "impair his ability to provide self-care within the correctional facility.").

Harris also states that FCI Milan failed to protect its inmates from COVID-19 in multiple ways. [DE 42.] According to the government, FCI Milan and the BOP have taken appropriate steps to protect inmates and curb the spread of infection. [DE 46 at 21-23.] Consistent with the CDC guidance, as noted by the government, the BOP has modified its operations to minimize the risk of COVID-19 transmissions by instituting an Action Plan for all prisons, which includes providing weekly testing, allowing for limited gatherings, requiring all staff and inmates to wear masks, quarantining asymptomatic individuals and symptomatic individuals until either they test negative or are released by medical personnel, ceasing in-person social visitation (inmates are given 500 telephone minutes per month), and screening attorneys before visiting an inmate. *Id.*; *see COVID-19 Status*, BOP, www.bop.gov/coronavirus/covid19_status.jsp (last visited Mar. 31, 2021). While I am certainly sympathetic with Harris's situation and his concern about potentially becoming infected with COVID-19 from someone else at the facility, I do not think this is an extraordinary and compelling reason to justify release. S*ee United States v. Melgarejo*, No. 12-cr-20050, 2020 U.S. Dist. LEXIS 83157, at *7, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("the mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No.

14-cr-30038, 2020 U.S. Dist. LEXIS 81286, at *5, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) (denying motion for compassionate release, recognizing "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.").

## Conclusion

Despite the severity of the COVID-19 pandemic, Brion Harris's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [DE 42] is **DENIED**. Harris has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

**SO ORDERED.**

**ENTERED: March 31, 2021.**

      /s/   Philip P. Simon
    PHILIP P. SIMON, JUDGE
    UNITED STATES DISTRICT COURT